UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
A.M., *individually and as mother and natural*　　　　　:
*guardian of R.S. and* R.S., *individually*,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Plaintiffs,　　　　　　　:　　MEMORANDUM & ORDER
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　-against-　　　　　　　　　　　　　　:　　21-CV-5191 (ENV)(CLP)
　　　　　　　　　　　　　　　　　　　　　　　　　　:
THE CITY OF NEW YORK *and* THE NEW　　　　　　　 :
YORK CITY DEPARTMENT OF EDUCATION,　 :
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Defendants.　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
-------------------------------------------------------------- x

VITALIANO, D.J.

On September 17, 2021, plaintiff A.M., individually and as mother and guardian of R.S., and R.S., individually, commenced this action seeking attorneys' fees and costs after an award in an action filed under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et. seq.* ("IDEA"). Compl., ECF Dkt. 1. On January 7, 2022, plaintiffs filed a letter motion for settlement approval. ECF Dkt. 12. Thereafter, the litigation moved through the clerk's office like a wrecking ball, with letters of counsel regarding the subject matter of the initial motion being characterized as independent individual letter motions.

As a result of these filings, two separate reports and recommendations ("R&Rs") were generated by Magistrate Judge Cheryl L. Pollak. In an attempt to rationalize the filings, this Court will treat the First R&R, ECF Dkt. 16, as recommending denial of plaintiffs' motion to approve settlement of the attorneys' fees dispute and the Second R&R, ECF Dkt. 22, as reaffirming the first.[1]

---

[1] The motion that resulted in the Second R&R denying settlement approval purportedly sought reconsideration by this Court of Judge Pollak's First R&R, but, at the time that motion was

1

For the reasons that follow, both R&Rs are adopted in full and plaintiffs' third letter motion for settlement approval is denied without prejudice with leave for the parties to submit properly styled and supported motions for that relief. All other letters or writings on the docket designated as motions are terminated.

## Background

On September 17, 2021, following the finding by an Impartial Hearing Officer that infant R.S. had not been provided with a Free Appropriate Public Education as required by IDEA, plaintiffs filed the instant lawsuit seeking attorneys' fees for the underlying action. Compl. at 2. Plaintiffs represent that, as they are prevailing parties in the underlying due process proceedings, they are entitled to an award of legal fees. *Id.* at 2–3. They further represent that they exhausted all necessary administrative remedies. *Id.* at 3.

On January 7, 2022, plaintiffs notified Judge Pollak of an agreement to settle and requested leave to file a stipulation of settlement and dismissal. ECF Dkt. 12. Plaintiffs described work done by counsel on their behalf and asserted that, as R.S. would not be involved in any monetary recovery for the action, judicial approval did not require an infant compromise order under Local Civil Rule 83.2(a)(1). *Id.* Concerned that plaintiffs provided insufficient information for due inquiry into the reasonableness of the attorneys' fees, Judge Pollak requested further information from plaintiffs, including "the amount [to] be paid, the fee rate to be charged, [and] contemporaneous billing records . . . ." Electronic Order dated Jan. 10, 2022 (citing *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983)).

Plaintiffs' counsel subsequently filed a second letter motion which added an hourly

---

made, the Court had not disposed of the First R&R, and so there was no order of the district court to reconsider. Accordingly, this memorandum and order on the First R&R will apply with equal force and effect to the second, which is deemed merged with the first.

billing rate, the number of hours worked, and a justification for the billing rate based on her years of experience, but she omitted contemporaneous billing records. ECF Dkt. 13. After yet another request from Judge Pollak, Electronic Order dated Jan. 12, 2022, plaintiffs' counsel finally submitted a third letter motion for settlement approval that included contemporaneous billing records, ECF Dkt. 15, as well as a joint proposed settlement amount. ECF Dkt. 14.

In response to this third letter motion, Judge Pollak issued, *sua sponte*, the First R&R, recommending denial of plaintiffs' motion without prejudice. Though Judge Pollak agreed that an infant compromise hearing was unnecessary, First R&R at 4, she pointed out two shortcomings in plaintiffs' requests. First, Local Rule 7.1(a) requires parties seeking dispositive relief to file a notice of motion, memorandum of law, and supporting affidavits and exhibits where necessary. *Id.* at 5–6. Judge Pollak went on to hold that, as a dispositive motion, plaintiffs' settlement approval motion must be filed in compliance with that rule.[2] *Id.* at 5. She also reminded the parties that Local Rule 83.2(a)(2) required that she review the requested attorneys' fees and costs for reasonableness and that supporting proof be submitted with the request. *Id.* at 6–7. Given plaintiffs' failure to comply with these rules, the R&R recommended that the application be denied without prejudice. *Id.* at 7.

On February 15, 2022, plaintiffs submitted timely written objections to the First R&R. Obj., ECF Dkt. 17. Plaintiffs contended that, because no claims are asserted on behalf of R.S., "no inquiry as to the fairness of the settlement to R.S." was necessary, *id.* at 4, but they failed to address Judge Pollak's findings regarding Local Civil Rule 7.1(a)'s motion practice

---

[2] Judge Pollak also noted that, without affidavits, the court had no evidence that defendants agreed with the proposed settlement. First R&R at 6. The parties then filed a joint stipulation of settlement, ECF Dkt. 18, and a letter by defendants, ECF Dkt. 19, clarifying defendants' agreement.

3

requirements.  Alongside their objections, plaintiffs submitted, under seal, a release form signed by A.M. on behalf of both herself and R.S., as well as the proposed settlement agreement.  ECF Dkt. 18.

On March 2, 2022, defendant New York City Department of Education ("DOE") chimed in for the first time, confirming agreement of settlement, agreeing that an infant compromise order was not necessary, and asserting that IDEA "fees-only" settlements are frequently filed and approved as notices of settlement, rather than motions pursuant to Local Civil Rule 83.2(a)(1).  Dkt 19.  DOE did not, however, provide any support for this last assertion.  *Id.*

Further burdening the record, plaintiffs filed, on June 10, 2022, a letter motion to vacate the First R&R.  ECF Dkt. 21.  The letter motion spotlighted the reasons why plaintiffs believed an infant compromise hearing was not required, an issue that had already become a red herring since no one, including Judge Pollak in her R&R, had taken the position that such a hearing was required.  *Id.*  In any event, plaintiffs noted that, in the interim, R.S. had reached his majority, and submitted with the motion was a release form that he himself had signed.  ECF Dkt. 20.

All of this prompted Judge Pollak to issue her Second R&R on August 8, 2022, recommending that plaintiffs' second letter motion be denied.  ECF Dkt. 22.  The R&R ticked off all the failings of the settlement approval request, including the failure to comply with the Court's Local Rules governing dispositive motions and the failure to provide record information critical to a determination of the motion's reasonableness.  *Id.* at 5–10.  She also reminded the parties that the award of attorneys' fees in IDEA lawsuits is discretionary and must be found reasonable.  *Id.* at 7–8.  No written timely objection to this R&R was filed by any party, and it will be reviewed coterminously with objections to the First R&R and resolved on the same basis.

4

Standard of Review

In reviewing a report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Importantly, "objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018); *see also Barratt v. Joie*, No. 90 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

"To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195 (RRM) (RLM), 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

Furthermore, objections that are general or conclusory or that "merely recite the same arguments presented to the magistrate judge" do not constitute proper written objections and are also reviewed only for clear error. *Sanders v. City of New York*, No. 12-CV-0113 (PKC) (LB), 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015) (citation omitted).

Discussion

At the end of the day, despite all of the fume and fury, there is not much to decide. Judge Pollak has repeatedly, and correctly, asserted that Local Civil Rule 83.2(a)(2) compels judicial inquiry into the reasonableness of attorneys' fees in this matter. First R&R at 4, 6–7; Second R&R at 5–7.[3] She has also ruled that Local Civil Rule 7.1(a), section 1415(i)(3)(b) of IDEA, and this Court's Individual Rule I.I each compel substantially the same requirement. Second R&R at 7. Notwithstanding, plaintiffs have stonewalled Judge Pollak's clear mandate that they comply with these rules.

Stonewall or not, plaintiffs are, of course, entitled to file a proper objection to an R&R they believe aggrieves them. In response to the First R&R, plaintiffs made the timely, albeit brief, objection that, under Local Civil Rule 83.2, "no inquiry as to the fairness of the settlement to R.S." and "no infant's compromise order" should be required. Obj. at 4. The latter contention—which tracks to Local Civil Rule 83.2(a)(1)—is moot, as the parties and Judge Pollak agree on this point. *See, e.g.*, First R&R at 4; Second R&R at 6. The former, rather cursory contention—which tracks to Local Civil Rule 83.2(a)(2)—warrants de novo review, and, upon such review, the objection is overruled.

Perhaps still ensnarled in the now-academic dispute about the necessity of an infant compromise hearing, plaintiffs cite to *School for Language & Communication Development v. N.Y. State Department of Education.*, No. 02-CV-0269 (JS) (JO), 2010 WL 1740416, at *2 (E.D.N.Y. Apr. 7, 2010), report and recommendation adopted, 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010), to support their proposition that this scrutiny of a judicial hearing is not required

---

[3] Stray references to 83.2(b) in each Report and Recommendation, that proceed to instead quote from 83.2(a)(2), appear to be typographical errors.

6

to gain approval of their settlement agreement and fee application. Not only is this case silent on that proposition, but if it speaks at all, it speaks against it. *Id.* at *4. Indeed, *School for Language* was able to proceed with settlement approval in large part because the plaintiffs' "extensive submissions" enabled the magistrate to review the settlement for fairness. *Id.* at *2–4. Here, by contrast, plaintiffs have been slow to respond to basic requests from Judge Pollak, such as for contemporaneous billing records and the amount of settlement (requested after the *first* letter motion, Electronic Order dated Jan. 10, 2022, but submitted only with the *third* letter motion, ECF Dkt. 14, 15) and typical attorneys' fees in similar actions (requested in the First R&R and still not submitted). At bottom, the process Judge Pollak has requested and seeks to enforce in her R&R is fully supported by past and solid practice. Plaintiffs have offered nothing in support of their objection that suggests otherwise.

  Lastly, defendant DOE's filing, ECF Dkt. 19, is untimely and therefore not a proper written objection. To the extent that this objection captures a portion of the First R&R not already reviewed de novo on the objection filed by plaintiffs, DOE's objection is subject to clear error review. On that basis, the objection is overruled. The R&R is clear and correct in its reasoning and its holding.

<u>Conclusion</u>

For the foregoing reasons, both the First R&R and the Second R&R are adopted in full by the Court. Plaintiffs' motion to vacate is denied, and the parties' third motion for settlement approval is denied without prejudice. The parties may re-file their proposal for settlement in accordance with the requirements set forth by Judge Pollak in the two R&Rs filed by her on the docket.

So Ordered.

Dated: Brooklyn, New York
       June 30, 2023

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge