UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
A.M., *et al.*,

                      Plaintiffs,

      -against-

THE CITY OF NEW YORK, *et al.*,

                      Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21 CV 5191 (ENV) (CLP)

**POLLAK**, United States Magistrate Judge:

On September 17, 2021, plaintiffs A.M., the mother and natural guardian of R.S., and R.S., individually, commenced this action against the City of New York (the "City") and the New York City Department of Education ("DOE"), seeking to recover attorney's fees arising out of special education due process proceedings that were resolved in favor of the plaintiffs by the Impartial Hearing Officer ("IHO") in a decision rendered on June 7, 2020. (See Compl.[1]).

By letter motion dated January 7, 2022, plaintiffs' counsel moved, pursuant to Local Civil Rule 83.2(a)(1), for court approval of a settlement between the parties regarding counsel's attorney's fees. (First Mot.[2] at 1). On January 10, 2022, this Court issued an Order directing counsel to supplement her application, noting that "counsel has not provided the Court with any information regarding the amount [to] be paid, the fee rate to be charged, contemporaneous billing records, or anything else that would allow the court to determine if the amount agreed to was 'reasonable.'" (Electronic Order, dated Jan. 10, 2022). Thereafter, plaintiffs' counsel submitted a second letter motion on January 11, 2022, in which counsel represented that she had spent a total of 37.7 hours on the underlying administrative proceedings and on this matter,

---

[1] Citations to "Compl." refer to plaintiffs' Complaint filed in this action on September 17, 2021 (ECF No. 1).
[2] Citations to "First Mot." refer to plaintiffs' First Motion for Settlement Approval Pursuant to Local Civil Rule 83.2(a)(1), filed on January 7, 2022 (ECF No. 12).

1

which she billed at the rate of $400 per hour.  (Second Mot.³ at 1).

On January 12, 2022, this Court issued another Order noting that plaintiffs had not provided contemporaneous billing records as required by New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983), and giving plaintiffs time to supplement their motion.  (See Electronic Order, dated Jan. 12, 2022).  On January 13, 2022, plaintiffs' counsel submitted a third letter motion, attaching her legal bill which she submitted under seal.  (See Third Mot.⁴ at 1; Billing Recs.⁵).  In that motion, plaintiffs sought approval of $15,202.00, as a "reasonable attorney's fee" for the work performed in this action and in the underlying impartial hearing proceedings.  (Third Mot. at 1).  This amount was agreed to pursuant to a settlement reached among the parties.  (Id.)

On February 2, 2022, this Court recommended that the District Court deny plaintiffs' motion for fees without prejudice.  (2/2/2022 R&R⁶).  The Court noted that because the motion for approval of attorney's fees is a dispositive motion seeking approval of a settlement of the entire federal action, the Local Rules require that the motion be made in accordance with Local Rule 7.1(a).  (Id. at 5-7; see First Mot. at 2 (stating that the parties would file a stipulation of dismissal upon approval of the attorney's fee settlement)).  Under Local Rule 7.1(a), the movant is required to file a Notice of Motion, a Memorandum of Law, and supporting affidavits and exhibits.  However, the plaintiffs had not provided this Court with a Memorandum of Law or supporting affidavits.  (2/2/2022 R&R at 6).  The plaintiffs also had not submitted the proposed Settlement Agreement or provided context for ordinary billing rates or fee awards in similar

---

³ Citations to "Second Mot." refer to plaintiffs' Second Motion for Settlement Approval Pursuant to Local Civil Rule 83.2(a)(1), filed on January 11, 2022 (ECF No. 13).
⁴ Citations to "Third Mot." refer to plaintiffs' Third Motion for Settlement Approval Pursuant to Local Civil Rule 83.2(a)(1), filed on January 13, 2022 (ECF No. 14).
⁵ Citations to "Billing Recs." refer to plaintiffs' counsel's billing records filed on January 13, 2022 (ECF No. 15).
⁶ Citations to "2/2/2022 R&R" refer to the Court's Report and Recommendation filed on February 2, 2022 (ECF No. 16).

cases. (Id.) Therefore, it was recommended that the motion for approval of the fee award be denied without prejudice to plaintiffs filing a proper motion in accordance with Rule 7.1 of the Local Rules. (Id. at 6-7).

Plaintiffs filed a Motion to Vacate the February 2022 Report and Recommendation on June 10, 2022. (ECF No. 21). On August 8, 2022, this Court recommended that the plaintiffs' Motion to Vacate be denied, noting that plaintiffs had still failed to comply with Local Rule 7.1(a), and that "[d]espite being given several opportunities to supplement their papers, plaintiffs still have not provided references to local hourly rates or awards in similar cases." (8/8/2022 R&R[7] at 6, 9). On July 11, 2023, the District Court adopted both the February and August Report and Recommendations. (ECF No. 23).

On January 10, 2024, plaintiffs filed a Notice of Motion for Approval of Settlement Pursuant to Local Rule 83.2(a)(1), accompanied by the Attorney Affirmation of Erika L. Hartley, Esq., which includes legal authority, and supporting exhibits. (ECF No. 26). The exhibits are the ruling of the Impartial Hearing Officer, contemporaneous billing records, a Release, and the Stipulation of Settlement and Order of Dismissal Pursuant to Rule 41(a)(1)(A)(ii). (Id.) In her submission, counsel seeks an award of $15,202.00 as the agreed-upon amount, which is $280 less than the $15,482.00 that counsel billed for 37.7 hours of work and the court filing fee. (Hartley Aff.[8] ¶ 12).

Defendants' counsel also submitted a letter, dated January 17, 2024, in which they joined in support of plaintiffs' requested fee award, noting that plaintiffs had now complied with the requirements of the Local Rule and submitted information supporting the reasonableness of the

---

[7] Citations to "8/8/2022 R&R" refer to the Court's Report and Recommendation filed on August 8, 2022 (ECF No. 22).
[8] Citations to "Hartley Aff." refer to the Attorney Affirmation of Erika Hartley, dated January 10, 2024 (ECF No. 26-1).

settlement. (Defs.' Ltr.[9]).

The Court has reviewed the papers submitted, including all previous filings in this matter, and having considered the legal authorities addressed in the two prior Reports, which are incorporated by reference herein, the Court respectfully recommends that plaintiffs be awarded $15,202.00 in attorney's fees.

## CONCLUSION

The Court respectfully recommends that the District Court grant plaintiffs' motion for attorney's fees.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: May 9, 2024
      Brooklyn, New York

                                                      /s/ Cheryl L. Pollak
                                                      Cheryl L. Pollak
                                                      United States Magistrate Judge
                                                      Eastern District of New York

---

[9] Citations to "Defs.' Ltr." refer to defendants' Response in Support of Plaintiffs' Motion for Settlement Approval, filed January 17, 2024 (ECF No. 27).